UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Esther Salas |
| | : | |
| v. | : | |
| | : | |
| ELIYAHU WEINSTEIN, et al. | : | Mag. No. 10-7115 (ES) |

**MEMORANDUM OF THE UNITED STATES REGARDING RIGHT TO SELF-REPRESENTATION AND ITS APPLICATION TO DEFENDANT ELIYAHU WEINSTEIN**

PAUL J. FISHMAN
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

Mark E. Coyne
Zach Intrater
Assistant United States Attorneys

## PRELIMINARY STATEMENT

To the Government's knowledge, defendant Eliyahu Weinstein still has not retained counsel for this case going forward, despite being charged with orchestrating a real estate investment fraud scheme causing losses exceeding $200 million, and despite having until December 6, 2010 to so finalize his representation. Therefore, given the December 9, 2010 conference scheduled by the Court, defendant Weinstein now faces four choices: he can either (1) properly retain his current counsel; (2) retain other counsel who will promptly enter an appearance and act on behalf of defendant Weinstein; (3) make an application under the Criminal Justice Act for Court-appointed counsel; or (4) elect to proceed *pro se*.

The Government respectfully submits this memorandum to deal with issues that will arise if defendant Weinstein chooses the fourth option. If he decides to proceed *pro se*, the Court will need to determine whether his waiver of counsel is knowing and intelligent, which in turn would require awareness of the risks of proceeding *pro se*. *See Faretta v. California*, 422 U.S. 806 (1975). The Government has included a proposed colloquy to help this Court determine whether any counsel waiver by defendant Weinstein satisfies the *Faretta* standard and to avoid placing the Court "in a position to be whipsawed by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules." *Meeks v. Craven*, 482 F.2d 465, 468 (9th Cir. 1973) (quoting *United States ex rel. Maldando v. Denno*, 348 F.2d 12, 16 (2d Cir. 1965)).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Weinstein has been charged by complaint with one count of bank fraud and one count of wire fraud, in violation of Title 18, United States Code, Sections 1344 and 1343, respectively. According to the complaint, Weinstein has spent at least the last six years

orchestrating and executing a massive real estate investment fraud scheme, which has resulted in losses exceeding $200 million.

On August 12, 2010, defendant Weinstein was arrested and appeared before the Court. At this initial appearance, Ephraim Savitt, Esq., entered a general appearance for defendant Weinstein. This Court remanded defendant Weinstein pending the presentation of a bail package. On August 17, 2010 and again on August 26, 2010, Mr. Savitt appeared on behalf of defendant Weinstein before other Magistrate Judges in this District on bail-related issues. Defendant Weinstein ultimately obtained bail secured almost entirely by other people's assets. On September 1, 2010, Mr. Savitt signed a continuance on behalf of defendant Weinstein.

On October 14, 2010, Mr. Savitt moved by letter to withdraw as counsel for defendant Weinstein. Mr. Savitt's motion stated that he had been "advised that [defendant Weinstein] is in the process of retaining other counsel." (*United States v. Weinstein*, 10-7115 (D.N.J.) (ES), Docket ["*Weinstein* Docket"] Entry No. 12, at 1.) Moreover, Mr. Savitt stated, he had not been "properly retained" by defendant Weinstein. (*Id.*)

On October 22, 2010, the Government responded by letter to Mr. Savitt's motion. The Government's letter dealt primarily with the Speedy Trial Act implications of Mr. Savitt's pretrial motion, and took no position on the merits of the motion itself. The Government did note, however, that "although defendant Weinstein has identified Mr. Savitt as his attorney to others since at least mid-July 2010 and may have paid Mr. Savitt a relatively modest retainer on or about June 10, 2010, Mr. Savitt is only the latest of a long list of lawyers that defendant Weinstein has retained in some capacity or another in various matters involving allegations of fraud." (*Weinstein* Docket Entry No. 15, at 2.)

On November 4, 2010, the parties appeared before the Court for a status conference. The Court noted Mr. Savitt's motion, but did not decide the motion on the merits. Instead, the Court gave defendant Weinstein until December 6, 2010 to properly retain counsel. (*Weinstein* Docket Entry No. 17, at 1.) The Court also set a status conference for December 9, 2010. (*Id.*) The Court stated that if defendant Weinstein had not retained counsel by December 6, 2010, then at the December 9, 2010 status conference, he should be prepared to inform the Court whether he wishes to apply for counsel appointed pursuant to the Criminal Justice Act or to proceed *pro se*.

After the conference, defendant Weinstein signed a continuance order that will expire on January 17, 2010. (*Weinstein* Docket Entry No. 18, at 3.) Meanwhile, on December 6, 2010, Mr. Savitt submitted another letter to the Court, stating that he had "neither . . . been retained by Mr. Weinstein nor . . . received any information that he retained another counsel." (*Weinstein* Docket Entry No. 19, at 1.) Although another attorney has informed the Government that the Weinstein might retain the attorney's firm, a sticking point appears to be payment of a sufficient retainer and that firm to the Government's knowledge has not been retained.

## ARGUMENT

A defendant charged with a crime has an absolute and automatic right to counsel. U.S. Const. Amend. VI; 28 U.S.C. § 1654; *Gideon v. Wainwright*, 372 U.S. 335 (1963); *see also Faretta*, 422 U.S. at 819. This right requires that legal assistance be made available whether or not the defendant has requested it. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962).

A defendant also has the right to represent himself in criminal proceedings. *Faretta*, 422 U.S. at 819; *United States v. Wade*, 388 U.S. 218, 223-27 (1967). When a defendant unequivocally asserts that right, that assertion "place[s] on [trial] court[s] the burden of establishing that the defendant who does so acts voluntarily, and that he understands both the

scope of the right sacrificed and the restrictions and challenges that he will face." *United States v. Peppers*, 302 F.3d 120, 129 (3d Cir. 2002).

Thus, to permit a defendant to waive the right to counsel and exercise the right to self-representation, a trial court must (1) ensure that the defendant understands the ramifications of this decision and (2) ensure compliance with necessary procedural safeguards. Failure to establish a record of adequate waiver is *per se* reversible on appeal. *See, e.g.*, *Peppers*, 302 F.3d at 138; *United States v. Allen*, 895 F.2d 1577, 1580 (10th Cir. 1990). As a general matter, the trial court, not the prosecutor, should conduct the waiver inquiry. *United States v. Moya-Gomez*, 860 F.2d 706, 735 (7th Cir. 1988).

In this Circuit, four requirements must be satisfied before the Court may permit a defendant to proceed *pro se*:

1. The defendant's assertion must be clear and unequivocal. *Peppers*, 302 F.3d at 132; *Buhl v. Cooksey*, 233 F.3d 783, 791 (3d Cir. 2000).

2. The Court must inquire thoroughly to satisfy itself that the defendant understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved. *Peppers*, 302 F.3d at 132; *Government of the Virgin Islands v. Charles*, 72 F.3d 401, 404 (3d Cir. 1995).

3. The Court must assure itself that the defendant is competent to stand trial. *Peppers*, 302 F.3d at 132.

4. The request must be timely, and, in cases where the request to represent oneself is made on the eve of trial, or during trial, the Court must ascertain the defendant's reasons for the dissatisfaction with counsel. *Peppers*, 302 F.3d at 132-33; *Buhl*, 233 F.3d at 798; *Government of the Virgin Islands v. James*, 934 F.2d 468, 471 (3d Cir. 1991); *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982).

To be unequivocal, a defendant must explicitly choose between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself. *Buhl*, 233 F.3d at 792. Requiring the defendant to make

an explicit choice protects against manipulation by the defendant of the mutually exclusive rights to counsel and self-representation, for example, by "making casual and ineffective requests to proceed *pro se*, and then attempting to upset adverse verdicts after trials at which they had been represented by counsel" or by "proceeding *pro se*, then challenging any subsequent conviction by alleging a denial of the right to counsel." *Buhl*, 233 F.3d at 792; *see also Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989). Thus, a defendant who vacillates between wishing to be represented by counsel and wishing to represent himself could place the trial court in a difficult position. If the court appoints counsel, the defendant could, on appeal, rely on his intermittent requests for self-representation in arguing that he had been denied the right to represent himself. If the court permits self-representation, the defendant could claim that he had been denied the right to counsel. The requirement of unequivocality resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel. *See, e.g.*, *Adams*, 875 F.2d at 1444; *Meeks*, 482 F.2d at 468.

That said, a defendant's "stubborn failure to hire an attorney" can constitute "a knowing and intelligent waiver of the right to assistance of counsel." *United States v. Weninger*, 624 F.2d 163, 167 (10th Cir. 1980); *accord United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988). So "long as the district court has given a defendant sufficient opportunity to retain the assistance of . . . counsel, defendant's actions which have the effect of depriving himself of . . . counsel will establish a knowing and intentional choice." *United States v. Hoskins*, 243 F.3d 407, 410 (7th Cir. 2001) (internal quotation marks omitted). That is because "[t]he right to assistance of counsel does not imply the absolute right to counsel of one's choice . . . [but] must be balanced against the need for the efficient and effective administration of criminal justice." *Weninger,* 624 F.2d at 166; *accord Krzyske*, 836 F.2d at 1017. Thus, "[w]hile the Sixth Amendment

– 5 –

guarantees that an accused has the right to counsel, and counsel free of charge if indigent, a defendant may not use this right to play a 'cat and mouse' game with the court, or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." *United States v. Murphy*, 469 F.3d 1130, 1135 (7th Cir. 2006) (internal quotation marks omitted).

As for the second requirement, the Court's inquiry must be designed to determine whether the defendant understands the risks, *i.e.*, "the structural limitations or perils of representing himself." *Peppers*, 302 F.3d at 134; *see also Welty*, 674 F.2d at 188 (observing that "the district court should advise him in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful"). The goal of this inquiry is to determine whether the defendant's waiver of counsel is made knowingly. Notably, the inquiry is not an evaluation of whether the defendant is competent to represent himself in terms of his understanding of the substantive law or the procedural details. *Peppers*, 302 F.3d at 134. Rather, the focus should be on the defendant's understanding of the importance of counsel. *Id.*

Because the defendant usually gives up more than he gains when he elects self-representation, the Court must be reasonably certain of the defendant's wishes to represent himself. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). As a result, courts must indulge in every reasonable presumption against waiver of the right to counsel. *Brewer*, 430 U.S. at 404; *see also Michigan v. Jackson*, 475 U.S. 625, 633 (1986); *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Charles*, 72 F.3d at 404. Therefore, if the defendant persists in his request to represent himself, a comprehensive *Faretta* inquiry of the defendant at this point in the proceedings is appropriate.

– 6 –

During the inquiry of Mr. Weinstein, the United States requests that the Court explain to him the nature of the bank fraud and wire fraud charges against him. If Mr. Weinstein is unaware of or does not demonstrate an understanding of the elements the United States is required to prove for each charge, the Court should inform him of those elements. As to bank fraud, the elements are:

> First: That defendant knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution, including by obtaining any of the moneys, funds, credits, assets, securities, or other property owned by a financial institution, or under the custody or control of a financial institution, by means of false or fraudulent pretenses, representations, or promises;[1]
>
> Second: That the defendant did so with the specific intent to defraud a financial institution;
>
> Third: That the scheme or artifice to defraud the financial institution involved a misrepresentation or omission of a material fact;[2] and
>
> Fourth: That the financial institution was insured by the Federal Deposit Insurance Corporation.

As to wire fraud, the elements are:

> First: That the defendant knowingly devised or intended to devise a scheme to defraud, that is, to deprive another of money or property by fraud, including by false or fraudulent pretenses, representations or promises, or omissions, concerning a material fact;
>
> Second: That the defendant did so with the intent to defraud; and
>
> Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, picture, or sound by means of a wire, radio, or television communication in interstate or foreign) commerce or caused the transmission of any writing, signal, picture, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign) commerce.[3]

---

[1] 18 U.S.C. § 1344; *United States v. Thomas*, 315 F.3d 190, 195-96 (3d Cir. 2002).

[2] *Neder v. United States*, 527 U.S. 1, 4, 22-25 (1999); *United States v. Thomas*, 315 F.3d 190, 197 (3d Cir. 2002).

[3] 18 U.S.C. § 1343.

– 7 –

The Court should further ensure that defendant Weinstein knows the possible penalties for the charges he is facing. *United States v. Moskovits*, 86 F.3d 1303, 1309 (3rd Cir. 1996). As to bank fraud, he faces up to 30 years' imprisonment and a fine of $1,000,000 or twice the pecuniary gain derived from the offense or twice the pecuniary loss caused by the offense. As to wire fraud, he faces up to 20 years' imprisonment and a fine of the greater of $250,000 or twice the pecuniary gain derived from the offense or twice the pecuniary loss caused by the offense. Also, because the Sentencing Guidelines apply in this case, the Court should ensure that defendant Weinstein knows that the Sentencing Guidelines will be used in advisory fashion in determining any sentence. *Id.* at 1309.

The Court should also discuss with defendant Weinstein the dangers or perils of self-representation. That discussion may include:

1. The proverb that "He who represents himself has a fool for a client." *See, e.g.*, *James*, 934 F.2d at 472 n.5 (upholding defendant's waiver of counsel where trial judge warned that "a person who has himself for a lawyer is a fool").

2. That such a choice must be made with eyes wide open. *See, e.g.*, *United States v. Balough*, 820 F.2d 1485 (9th Cir. 1987).

3. The Court's role does not change when the defendant proceeds *pro se*, and the defendant will not be excused from complying with rules of procedure and evidence, *see, e.g.*, *United States v. Trapnell*, 512 F.2d 10 (9th Cir. 1975).

4. That there are rules as to when a defendant can and cannot speak during a trial.

5. That lacking knowledge and facility with evidence rules can be a detriment to making objections at trial, *see, e.g.*, *Stubbs*, 281 F.3d at 118; *Charles*, 72 F.3d at 407-08.

6. That what a defendant says during trial is not evidence unless the defendant is on the witness stand testifying.

7. That sometimes attorneys know of or will see possible defenses that a defendant may not. *See, e.g.*, *Charles*, 72 F.3d at 406.

8. That sometimes attorneys can make arguments that defendants cannot.

9. That there are limited resources available to the defendant including limited access to a law library and legal materials, especially if he is incarcerated, *see, e.g.*, *United States v. Pina*, 844 F.2d 1 (1st Cir. 1988).

10. That attorneys have access to investigators which the defendant would not, *see, e.g.*, *Peppers*, 302 F.3d at 136.

11. If incarcerated, the potential effect of shackles or other visible evidence of the defendant's incarceration appearing before the jury and its effect on the defendant's ability to represent himself. *See, e.g.*, *Davidson v. Riley*, 44 F.3d 1118 (2d Cir. 1995).

After conducting an inquiry to determine if a defendant is making a request to represent himself that is timely, not for purposes of delay, unequivocal, and knowing, voluntary, and intelligent (which of course includes making the defendant aware of the nature of the charges, the possible penalties, and the perils of self-representation), the Court must determine whether to grant or to deny the defendant's request. As indicated above, a defendant who is silent or equivocal during the waiver inquiry impliedly forfeits the right to self-representation. *See, e.g.*, *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).

Some additional observations may bear on the Court's conduct of any *Faretta* colloquy. First, while a defendant may retain counsel of his choice at his expense, or accept whomever the Court appoints, provided that he is indigent, the defendant has no right to choose who his appointed counsel will be. *Wheat v. United States*, 486 U.S. 153, 159 (1988); *Peppers*, 302 F.3d at 130 n.8. As a corollary, no defendant has a right to appointed counsel who shares his beliefs — religious, jurisdiction-related, or otherwise. *See, e.g.*, *United States v. Udey*, 748 F.2d 1231, 1242-43 (8th Cir. 1984); *see also Morris v. Slappy*, 461 U.S. 1, 13 (1983)*; United States v. Turnbull*, 888 F.2d 636, 637 & 639 (9th Cir. 1989).

Second, no defendant has a right to "hybrid representation" — where the defendant serves as co-counsel to an attorney. *See, e.g.*, *United States v. Olano*, 62 F.3d 1180, 1193 (9th

– 9 –

Cir. 1995). "Such hybrid representation is not permissible." *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988). If the Court determines that defendant Weinstein is knowingly waiving counsel, the Court should consider whether to appoint standby counsel pursuant to the Criminal Justice Act — if the defendant demonstrates his indigency and accepts legal services from that counsel — or as an "expert or consultant" to the Court under Title 5, United States Code, Section 3109. *See* 7 GUIDE TO JUDICIARY POLICY: DEFENDER SERVICES at § 220.55, available at http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/aspx. The Court may do so over a defendant's objection. *See McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984). Parenthetically, the United States notes that if a defendant represents himself, standby counsel must not act in a representative manner. In other words, the defendant may not both represent himself and have active counsel. Standby counsel is not co-counsel, and the Court should only permit standby counsel to help a defendant prepare his case, or else take over the representation completely should the defendant change his mind before the trial of this matter has begun in earnest.

Third, no defendant has a right to lay representation. The right to counsel means the right only applies to attorneys "admitted to practice law." *United States v. Hoffman*, 733 F.2d 596, 599 (9th Cir. 1984). This definition does not include lay persons. *See, e.g.*, *Turnbull*, 888 F.2d at 638. The Sixth Amendment is intended to avoid prejudicing the defendant because he may not know the technicalities of the law. A lay representative does not help the defendant do so. Therefore, should the question arise as to lay representation, the Court should inform a defendant that lay persons who are not attorneys or are not admitted to practice law cannot represent a defendant.

Finally, if the Court determines that defendant Weinstein unequivocally asserted his right to proceed without counsel, and that all other *Faretta* requirements have been met, then defendant Weinstein should be specifically admonished that a self-represented defendant may not deviate from established court procedures. "The right to self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. at 834 n.46. Thus, a trial court may refuse to permit a criminal defendant to represent himself when he is "not able and willing to abide by rules of procedure and courtroom protocol." *United States v. Lopez-Osuna*, 232 F.3d 657, 665 (9th Cir. 2000). Moreover, the Court may terminate a defendant's self-representation if the defendant "deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46. Standby counsel could then resume the defense.

Thus, in determining whether to accept a defendant's waiver of counsel, the Court should inform defendant Weinstein that, in representing himself, he must abide by, among other things, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the local rules of this jurisdiction. Furthermore, defendant Weinstein should be informed that, in the event that he elects to testify at trial, he must present his or her testimony in a question and answer format. In other words, defendant Weinstein cannot merely provide a narrative.

### SUGGESTED MEASURES TO CLARIFY THE RECORD CONCERNING WAIVER

The United States requests respectfully that the Court use the procedure outlined below in its colloquy with defendant Weinstein during any *Faretta* inquiry. The Third Circuit in *Peppers* explicated the framework for courts to use in determining whether a defendant's decision to proceed *pro se* is knowing and voluntary. *See Peppers*, 302 F.3d at 136-37 (deriving colloquy questions from Federal Judicial Center, BENCHBOOK FOR U.S. DISTRICT JUDGES § 1.02

(4th ed. 2000)).  More recently, in *United States v. Jones*, the Third Circuit held that it "*require[s]* that all of the subjects covered in the model questions set forth in *Peppers* be fully explored in the inquiry, to the extent those subjects are relevant."  542 F.3d 223, 234 (3d. Cir. 2006) (emphasis added).  "Even if the colloquy skips *just one* of the [relevant] factors, it fails to establish that the waiver is knowing, intelligent, and voluntary."  *Id.* at 231-32 (emphasis added); *Peppers*, 302 F.3d at 135.  The Third Circuit further instructs that, "if, during the course of the inquiry, it appears that the defendant needs further explanation, or it is evident that the defendant does not comprehend what the court is saying or asking, the court will need to probe further."  *Peppers*, 302 F.3d at 137.   In sum, in conducting its inquiry, the Court must engage in a "penetrating and comprehensive examination of all the circumstances."  *Id.* at 131 (internal quotation marks omitted).  The United States thus requests respectfully that the Court employ the following colloquy, in the presence of attorneys for the Government,[4] to determine whether defendant Weinstein has voluntarily, knowingly, and intelligently waived his right to counsel:

1. Mr. Weinstein, can you read and write?

2. How many years of school have you completed?

3. Have you ever studied law?  [If so, what was the nature and extent of those studies?  Also, when and where did you study law?]

4. Have you ever represented yourself in a criminal action?

5. Do you know that the Sixth Amendment gives you the absolute right to counsel?

6. Do you know that you have the right to a court-appointed counsel if you are indigent?

---

[4] The Third Circuit has found it "inadvisable" to conduct the colloquy in the Government's absence, and stated that "the Assistant United States Attorney serves a useful function in assuring that a district court's colloquy is sufficient."  *Jones*, 452 F.3d at 231.

– 12 –

7. Do you understand, however, that if I appoint you counsel because you cannot afford an attorney, you cannot choose who that counsel will be?

8. Do you understand that you are charged with one count of bank fraud and one count of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1344?

9. Do you know and understand the elements of those offenses?

10. Do you understand that you do not have a choice — if you do not plead guilty to the charge, you will have to stand trial on this charge in federal court in Newark, New Jersey?

11. Do you understand that the Court has jurisdiction over you, whether you agree or not?

12. Do you understand that if you are found guilty of the charges, the Court could sentence you to as many as 50 years in prison?

13. Do you understand that the Court could impose a period of supervised release of up to 5 years on the bank fraud count and 3 years on the wire fraud count?

14. Do you understand that the Court could fine you as much as $1,250,000 or twice the gain you derived from your offenses or twice the loss caused by your offenses, if convicted of both counts?

15. Do you understand that the Court must order restitution to your victims if you are convicted of either count?

16. Do you understand that the Court must impose an assessment of $200?

17. Do you understand that the United States Sentencing Commission has issued sentencing guidelines that will be used in a non-mandatory, that is advisory, fashion in determining your sentence if you are found guilty?

18. Do you understand that if you represent yourself, you are on your own?  I cannot tell you — or even advise you — as to how you should try your case.

19. Do you know that there are many complex rules in court, and that most non-lawyers, including yourself, cannot know all of these rules?  Do you know that ignorance of these rules can hurt your case, even if you are confident about the facts?

20. Are you familiar with the Federal Rules of Evidence?

21. Do you understand that the Federal Rules of Evidence govern what evidence may or may not be introduced at trial and that, in representing yourself, you must abide by those rules?

22. Do you understand that these rules will not be relaxed for your benefit?

23. Are you familiar with the Federal Rules of Criminal Procedure?

24. Do you understand that these rules govern the way a criminal action is tried in federal court? Do you understand that you must follow these rules?

25. Do you understand that these rules will not be relaxed for your benefit?

26. Do you understand that you must proceed by calling witnesses and asking them questions, and that, except when and if you yourself testify, you will not be permitted to tell the jury matters that you wish them to consider as evidence?

27. Do you understand that, if you do get convicted, you cannot claim your own incompetence in representing yourself as a basis for an appeal?

28. Do you understand that it may be much easier for an attorney to contact potential witnesses, gather evidence, and question witnesses than it may be for you?

29. Do you know that you cannot be represented by lay persons who are not attorneys and/or are not admitted to practice law?

30. Do you know that the court may appoint a standby counsel, even if you don't want one, who will help you prepare your case or take over your case if the court determines you cannot competently represent yourself? Do you understand that stand-by counsel is not co-counsel, and that his or her role would be limited to what I have just stated?

31. I want to explain to you some of the advantages that having a lawyer represent you could bring:

    a. The lawyer has the experience and knowledge of the entire trial process.

    b. the lawyer can call witnesses for you, question witnesses against you, and present evidence on your behalf.

    c. The lawyer will question potential jurors. The lawyer also has the experience to know which jurors will be in your best interests.

    d. A lawyer can advise you of the harm and consequences of what you say in Court and what you have a right not to say.

– 15 –

        e.      A lawyer will object to those questions that are improper.

        f.      A lawyer has studied the rules of evidence and knows what evidence can or can not come into your trial.

        g.      A lawyer will argue for your side during the whole trial and present the best legal argument for your defense.

32.    I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. Do you know that the purpose of appointed counsel is to help you put forth your best possible case? I strongly urge you <u>not</u> to try to represent yourself.

33.    Now, in light of the penalties that you might suffer if you are found guilty, and in light of all the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

34.    Are you making this decision freely, and does it reflect your personal desire?

35.    Do you have any questions, or do you want me to clarify or explain further anything that we have discussed here?

If defendant Weinstein does not clearly and succinctly answer these questions, the Court should inform him that a non-responsive answer will be treated as a "No." And if the answers to these questions satisfy the Court that defendant Weinstein knowingly and voluntarily desires to proceed *pro se*, the Court should state the necessary conclusions on the record.

## CONCLUSION

In sum, the Government respectfully requests that, if defendant Weinstein does not abide by the schedule the Court set for retaining counsel and does not demonstrate his eligibility for Court-appointed counsel, he be queried regarding his desire and ability to proceed *pro se*.

> Respectfully submitted,
>
> PAUL J. FISHMAN
> United States Attorney
>
>
> By:   Mark E. Coyne
>       Zach Intrater
>       Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day I caused to be served a copy of the forgoing by email upon:

> Ephraim Savitt, Esq.
> 260 Madison Avenue
> Suite 2200
> New York, NY 10016
> ephraim@savittesq.com

_____
Mark E. Coyne

December 8, 2010
Newark, New Jersey