UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Hon. Joel A. Pisano |
| v. : | Crim. No. 11- 701 (JAP) -01 |
| ELIYAHU WEINSTEIN, : <br>   a/k/a "Eli Weinstein," : <br>   a/k/a "Edward Weinstein," : <br>   a/k/a "Eddie Weinstein," : <br>         and : <br> VLADIMIR SIFOROV : | Complex Case Order |

RECEIVED NOV 15 2011 AT 8:30 WILLIAM T. WALSH CLERK

This matter having been opened to the Court on the joint application of the United States of America (Paul J. Fishman, United States Attorney, by Zach Intrater and Gurbir S. Grewal, Assistant United States Attorneys, appearing) and defendant Eliyahu Weinstein (Henry E. Klingeman, Esq., appearing), for an order continuing this matter and excluding time for purposes of the Speedy Trial Act; and for an order declaring this matter to be a complex case pursuant to pursuant to Title 18, United States Code, Section 3161(h)(7)(B); and the defendant and the Government having agreed with the findings of fact contained in this order and having consented to the continuance and the entry of this order; and the Court having found that an order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii).

2. The Indictment in this case consists of one count of conspiracy to commit wire fraud,

twenty-nine counts of wire fraud, two counts of wire fraud while on pretrial release, one count of bank fraud, and twelve counts of money laundering. The facts underlying the allegations in the Indictment occurred over a period of approximately seven years.

3. The discovery in the case is voluminous, consisting of, among other things, over 180 boxes of documents and 800,000 electronic documents seized during the execution of search warrants, in addition to multiple gigabytes of data seized from e-mail accounts pursuant to search warrants, as well as other documents.

4. In light of the allegations, the defendant needs sufficient time to investigate the charges. The defendant also needs time to determine whether the filing of motions is appropriate and, if so, the nature of the motions to be filed.

5. In light of these findings, and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

6. Failure to grant a continuance would deny counsel for defendant and the Government reasonable time necessary for effective preparation of this case, taking into account the exercise of due diligence.

9. Both the Government and the defendant consent to the aforementioned continuance.

10. Pursuant to Title 18 of the United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this _15th_ day of November, 2011,

ORDERED that the proceedings in the above-captioned matter, are continued from November 15, 2011 through and including the date of the filing of pretrial motions in this case;

and

IT IS FURTHER ORDERED that the period from and including November 15, 2011 through the date of the filing of pretrial motions in this case will be excludable in computing time under the Speedy Trial Act of 1974; and

IT IS FURTHER ORDERED that any pretrial motions will be filed and briefed on a schedule to be determined by the Court; to be determined on 1/3/2012 at 11am.

IT IS FURTHER ORDERED that the Court will set a hearing date on the motions after all papers have been received; to be determined on 1/3/2012 at 11:00am

IT IS FURTHER ORDERED that the trial of this case will begin on or about a date set by the Court; to be determined on 1/3/2012 at 11:00am.

_____
HONORABLE JOEL A. PISANO
United States District Judge