

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*                                   *973/645-2700*

*Newark, NJ 07102*


December 14, 2012

Via ECF

The Honorable Joel A. Pisano
United States District Judge
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:  United States v. Eliyahu Weinstein
            Crim. No. 11-701 (JAP)

Dear Judge Pisano:

    The Government respectfully submits this letter in response to the defense letter of December 7, 2012 (the "December 7 Letter"), regarding redactions to the Indictment.

    In the December 7 Letter, the defense narrowed its list of proposed redactions to four.  The first three of these proposed redactions relate to the amount of money the defendant obtained from his victims.  While the Government believes that this information is relevant, the Government does not object to redacting this information from the Indictment.

    The Government does object, however, to the defense's fourth proposed redaction, to Count 1, ¶6(b) of the Indictment.  The contested language relates to how the defendant used rabbis and other members of the orthodox Jewish community to introduce the defendant to victims and to act as references for the defendant with these victims.

    As set forth in the Government's opposition to the defendant's motion to dismiss, Federal Rule of Criminal Procedure (7)(b) permits a Court to strike surplusage from an indictment only if the challenged language is <u>both</u> irrelevant to the offenses charged <u>and</u> prejudicial to the defendant.  <u>See</u> Gov't Opp'n to Def's Mot. to Dismiss, at 19-23 (Dkt. No. 54); <u>United States v. Hedgepeth</u>, 434 F.3d 609, 611 (3d Cir. 2006).

The language in Count 1, ¶6(b) that the defendant seeks to have redacted is relevant to the offenses charged.  As charged in the Indictment, the defendant used his membership in, and his connections with, the orthodox Jewish community as a tool to help him further the fraudulent scheme charged in the Indictment.  And, as set forth in the Indictment – and as will be proven at trial - members of this community ordinarily place a high level of trust in one another.  Here, the evidence will show that for several of his victims, the defendant's reputation in the orthodox Jewish community was a material fact in their decision to trust the defendant and to invest money with the defendant.  Therefore, the defense has not carried its burden of showing that the language its seeks to strike is irrelevant to the charged offenses.

Moreover, even assuming, <u>arguendo</u>, that the language in Count 1 ¶6(b) could be prejudicial, any such prejudice will be lessened or eliminated, as the Court stated during oral argument, because the Indictment will not be sent into the jury deliberation room.

For these reasons, the United States respectfully submits that the Court should deny the defense's request to strike the contested language contained in Count 1 ¶6(b) of the Indictment.

                                        Very truly yours,

                                        PAUL J. FISHMAN
                                        United States Attorney

                                        S/ Zach Intrater
                                        By:  Rachael A. Honig
                                               Gurbir S. Grewal
                                               Zach Intrater
                                        Assistant U.S. Attorneys

cc:  Henry E. Klingeman, Esq.
     Anna Cominsky, Esq.
     David I. Schoen, Esq.