

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 17, 2013

Robert J. Cleary
Member of the Firm
d 212.969.3340
f 973.274.3299
rjcleary@proskauer.com
www.proskauer.com

**<u>Via Electronic Filing</u>**

Hon. Judge Joel A. Pisano
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

     Re:    *United States v. Weinstein*, 11 Cr. 701 (JAP)

Dear Judge Pisano:

     This firm represents Eli Weinstein in the above-referenced matter. We respectfully request that Mr. Weinstein's conditions of release be modified in three respects: (1) to extend modestly the hours of his curfew; (2) to allow him to travel to New York City without prior approval of Pretrial Services, as he currently does in New Jersey; and (3) to allow him to make brief trips to certain cities domestically in order to enable him to fulfill the restitution obligation set forth in his plea agreement.

     As it stands, Mr. Weinstein is restricted to his home in Lakewood, New Jersey, from 8:00 pm until 7:00 am every day and must request permission from Pretrial Services to travel outside the District of New Jersey between the hours of 7:00 am and 8:00 pm. Those restrictions are interfering with his lawyers' ability to prepare for sentencing and with Mr. Weinstein's ability to fulfill his restitution obligation. We therefore make this application for the reasons set forth more fully below.

     1. On January 3, 2013, Mr. Weinstein pleaded guilty to Counts 1 and 36 of the redacted Indictment pursuant to a plea agreement with the government. The Court set sentencing for April 2, 2013. As the Court is aware, the plea agreement leaves open many factual issues on which we expect the parties to disagree vigorously. We believe that from now through the sentencing hearing, it will be necessary for us to meet with Mr. Weinstein on a regular basis to prepare for sentencing. Mr. Weinstein's curfew, and the limitation of his ability to travel, restricts our ability to hold such meetings with him. The trip from Lakewood to New York City can take at least two hours each way (especially during rush hour), meaning that Mr. Weinstein must leave Lakewood by 7:00 am to arrive at our offices by 9:00, and must depart no later than 6:00 pm to be home by 8:00. In addition, Mr. Weinstein must request approval from Pretrial Services to attend each meeting because our offices are located outside New Jersey.

Proskauer»

January 17, 2013
Page 2

We respectfully request, therefore, that Mr. Weinstein's curfew be extended by four hours to 12:00 am, and that he be allowed to travel to New York City without the prior approval of Pretrial Services. Neither modification poses any material risk of Mr. Weinstein violating his other conditions of release. Mr. Weinstein has been subject to his current curfew for roughly one year. According to Steven Casale, Mr. Weinstein's Pretrial Services Officer, during that time he has been in full compliance, and there have been no incidents of concern to Mr. Cassell or his office. Indeed, at the recent plea hearing, the government consented to the continuance of those conditions of release.

Mr. Casale has informed us that his office has no opposition to this request. The government has informed us that it does oppose. As the Court is aware, the government has repeatedly and unsuccessfully advocated overly-restrictive conditions of release for Mr. Weinstein. In September 2011, the government sought to revoke Mr. Weinstein's bail before the magistrate judge, and then withdrew its application. A few months later, before this Court, prior counsel for Mr. Weinstein asked to end his home detention and substitute the current curfew system, in order to lessen the burden on Pretrial Services (and Mr. Weinstein) of needing approval for every attorney visit or trip to the grocery store. The government opposed. This Court nevertheless granted the request. As mentioned above, the curfew has not led to any problems whatsoever.

2. Mr. Weinstein's plea agreement obligates him to pay full restitution to the victims of his offenses of conviction, pursuant to 18 U.S.C. §§ 3663 *et seq.* Dkt. No. 74 at 2. Both the Court and the government have made it clear that Mr. Weinstein's fulfillment of his restitution obligation is of utmost importance. Indeed, the plea agreement provides that if Mr. Weinstein "makes restitution payments or forfeits assets prior to sentencing, he may argue the relevance of such payments at the time of sentencing as part of his acceptance of responsibility and/or pursuant to any factor listed in 18 U.S.C. § 3553(a)." *Id.* at 6. Mr. Weinstein is committed to making restitution to the utmost of his ability.

The most effective and expeditious way for Mr. Weinstein to accomplish restitution is to meet with certain individuals who owe him money and try to convince them to repay their debts. Without such in-person meetings, Mr. Weinstein believes it is highly unlikely that he can persuade them to honor their debts, with the inevitable result that those funds will not be available for paying restitution. Among others, Mr. Weinstein is owed money from individuals residing in the following locations: Los Angeles, California; Melbourne and Miami/Ft. Lauderdale, Florida; Scottsdale, Arizona; Las Vegas, Nevada; Philadelphia, Pennsylvania; and New York City. Accordingly, Mr. Weinstein requests permission to make brief trips to these locations, to meet with his debtors and work out repayments. He proposes to provide detailed itineraries to Pretrial Services in advance of each trip, and to comply with any other conditions imposed by that office, such as frequent telephonic reporting and continued electronic monitoring.

We note that in 2012, Mr. Weinstein received approval to travel on four separate trips outside of New Jersey in order to meet with attorneys representing him in various civil matters.

# Proskauer»

January 17, 2013
Page 3

From June 3 to June 7, and then again from July 4 to July 5, Mr. Weinstein traveled by air to Miami, Florida. From April 17 to April 18, and then again from June 25 to June 26, he traveled by train and by car to Washington, D.C. Each of those trips occurred without incident. There is no reason to doubt that the same will be true of these trips, if permitted.

Mr. Casale's office takes no position on this request. The government opposes it.

\*     \*     \*

Accordingly, we respectfully request that Mr. Weinstein's conditions of release be modified as follows: (1) Mr. Weinstein's curfew be extended from 8:00 pm to 12:00 am; (2) Mr. Weinstein be permitted to travel to and within the Southern and Eastern Districts of New York in accordance with the same restrictions currently in force for his travel within the District of New Jersey; and (3) Mr. Weinstein be permitted to travel to the judicial districts containing Los Angeles, California; Melbourne and Miami/Ft. Lauderdale, Florida; Scottsdale, Arizona; Las Vegas, Nevada; and Philadelphia, Pennsylvania, subject to any telephonic reporting or other conditions imposed by Pretrial Services, in order to permit him to effectuate restitution.

Respectfully submitted,

Robert Cleary/ gpb
Robert J. Cleary

cc:     Zach Intrater, Esq.
        Rachael Honig, Esq.
        Gurbir Grewal, Esq.
        U.S. Attorney's Office

        Steven Casale
        U.S. Pretrial Services