# CREIZMAN LLC

565 Fifth Avenue
7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ecreiz@creizmanllc.com
www.creizmanllc.com

*By Email and ECF*

October 9, 2013

Gurbir Grewal, Esq.
Rachel Honig, Esq.
Zach Intrater, Esq.
Assistant United States Attorneys
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102

**Re:     United States v. Eliyahu Weinstein, et al., Docket No. 11-CR-701 (JAP)**

Dear Counsel:

I am writing in connection with the scheduled asset deposition of Eliyahu Weinstein on October 11, 2013 in the above-referenced matter. As I have previously conveyed to you in oral and email communications, on my advice, Mr. Weinstein will invoke his Fifth Amendment privilege not to be a witness against himself in response to any questions posed to him at the deposition.

As you know, the plea agreement in this case requires Mr. Weinstein to submit to a deposition under oath in which he would provide "a full accounting . . . of all monies paid to, or assets received by, Eliyahu Weinstein, directly or indirectly, from any and all entities referred to in the Indictment." (Plea Agreement at 5). When he entered into the plea agreement, Mr. Weinstein embraced the opportunity to participate in this deposition. However, for the reasons set forth in our memorandum of law in support of Mr. Weinstein's motion for specific performance of the plea agreement, dated August 25, 2013, the government breached the plea agreement by charging him in the pending criminal case, 13-MJ-8148. The plea agreement provided that Mr. Weinstein would not be prosecuted for the conduct that is the subject of the Complaint. The government's erroneous and exceedingly narrow interpretation of "conduct now known to the government" raises the possibility that Mr. Weinstein's testimony at the deposition could result in the initiation of further criminal charges.

Separate and apart from concerns of further prosecution, Mr. Weinstein also cannot meaningfully participate in the asset deposition under the present circumstances. When Mr. Weinstein entered

Gurbir Grewal, Esq.
Rachel Honig, Esq.
Zach Intrater, Esq.
October 9, 2013
P a g e | **2**

into the plea agreement, his counsel contemplated extensive preparation and review of relevant materials, with the assistance of a forensic accountant.  Indeed, the complexity of the transactions at issue and the volume of documents related to those transactions necessitates expert analysis and assistance to further the purposes of the deposition.  With Mr. Weinstein incarcerated, counsel does not have ready access to him and cannot review the volume of electronic and paper documents necessary to prepare, much less within the current deadline for the deposition.  The inability to adequately prepare for the deposition increases the possibility that Mr. Weinstein may give inaccurate testimony, for which, in turn, he is subject to prosecution for perjury.

For the aforementioned reasons, Mr. Weinstein will invoke his Fifth Amendment privilege when called to testify this Friday at the United States Attorney's Office in Camden, New Jersey.

Very truly yours,

/s/ Eric M. Creizman

Eric M. Creizman

cc:     The Honorable Joel A. Pisano (by ECF)