UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA            :
: Docket No.: 11-CR-701 (JAP)
    -v-                             :
: **DECLARATION OF**
: **ELIYAHU WEINSTEIN**
ELIYAHU WEINSTEIN, AND              :
VLADAMIR SIFOROV                    :
:
      Defendants.                  :
:
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, ELIYAHU WEINSTEIN, hereby declare under penalty of perjury pursuant to 28 U.S.C § 1746:

1.  I am a defendant in the above-captioned action.

2.  I submit this declaration in support of my motion to withdraw my plea agreement on the grounds that the Court violated the proscription of Rule 11 of the Federal Rules of Criminal Procedure against judicial participation in plea negotiations.

3.  I was arrested on a complaint on August 20, 2010 alleging that I participated in an investment fraud scheme and a money laundering scheme.  I was indicted on these charges on October 27, 2011.  At my arraignment, the Court set a date for trial in January 2013.

4.  In late November 2012, I received a proposed plea agreement from the government that would provide for a sentence between 5 and 10 years imprisonment.  I accepted the plea offer, and caused my acceptance to be transmitted to the government.

5.  My attorneys told me that the government rejected my acceptance of the plea agreement on the grounds that my acceptance was untimely because the government asserted that it was submitted one day after the government's deadline for responding to the plea offer.  My

attorneys told me that the government would only accept a plea agreement that provided for a harsher sentence than 5 to 10 years imprisonment. I declined to enter into any plea agreement.

6. The Court held oral argument on pretrial motions on December 3, 2012. At some point during the hearing, my attorneys and the attorneys for the government left the courtroom to discuss the status of plea negotiations with Judge Pisano in his chambers. During this discussion, I waited in a conference room with my wife, civil attorneys, and others.

7. After some time, my attorneys came to the conference room reported to me about their discussion in chambers. They told me that the government refused to put the 5 to 10 year plea offer back on the table and would only offer a plea agreement that required a sentencing range that would be less favorable to me.

8. My attorneys also told me that Judge Pisano said that if I pled guilty pursuant to the government's five to fifteen year plea agreement, and fulfilled my restitution obligation, he would "remember" the government's previous offer of a sentencing range of 5 to 10 years imprisonment. My attorneys also said that Judge Pisano told them to tell me, in sum and substance, that in all his years as a Magistrate Judge and District Judge, he never had an acquittal in his courtroom.

9. I declined the opportunity to accept any plea offer from the government.

10. Nine days after the hearing on pretrial motions, one of my two lead attorneys requested permission from the Court to withdraw from his representation of me, a request the Court granted on December 18, 2012. With less than a month remaining until the date trial was scheduled to begin, January 7, 2013, I engaged new counsel to represent me for a retainer fee of $1 million.

11. On January 2, 2013, I met with my new counsel at their offices in New York City to prepare for trial. Counsel reported to me that they had a conversation with Judge Pisano that

morning in which Judge Pisano asked if there was a possibility that my case would be settled with a guilty plea prior to trial.

12. My attorneys reported to me that Judge Pisano said, in sum and substance, that if I were to plead guilty and fulfill my obligation of restitution, "all doors will be open" to me. Judge Pisano also reportedly said that he was familiar with prior plea negotiations and would consider the government's earlier offer of five to ten years in sentencing me. Judge Pisano also reportedly said that if I decided to go to trial and was convicted of even one count, "all doors will be closed" to me.

13. Based on the statements reported to me by counsel, I believed that Judge Pisano wanted me to plead guilty. Further, I believed that Judge Pisano preferred that I work towards providing restitution to the people who claimed I defrauded them rather than go to trial. Indeed, I believed Judge Pisano would be displeased with me if I decided to proceed with trial. On the other hand, I believed he would reward me if I pled guilty, provided I fulfilled my restitution obligation. I also believed that based on Judge Pisano's reported statements, if I went to trial and was convicted, I would receive a very harsh sentence, in part because I insisted on going to trial.

14. On January 3, 2013, the following day, I entered a plea of guilty to wire fraud conspiracy and money laundering pursuant to a plea agreement.

I hereby declare the foregoing is true and correct to the best of my knowledge and belief.

Dated: Philadelphia, Pennsylvania
November 13, 2013

Eliyahu Weinstein