

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                                        *973-645-2700*
*Newark, New Jersey 07102*

January 7, 2014

Honorable Joel A. Pisano
United States District Judge
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    United States v. Eliyahu Weinstein,
                Crim. No. 11-701

Dear Judge Pisano:

      At the Court's request, the Government submits the following proposed questions the Court may wish to address to the defendant at the *Faretta* hearing scheduled for January 8, 2014.[1]

    1.    Have you taken any drugs, alcohol, or medications that would affect your ability to understand the proceedings today?

    2.    Do you understand that your sentencing will begin on February 19, 2014, and that there will be no further delays?

    3.    Now that your sentencing has been adjourned until February 19, 2014, do you withdraw your request to replace Mr. Creizman as your attorney?

---

[1] Ideally, the hearing will establish that: (1) Weinstein knowingly and voluntarily has withdrawn his request to discharge his current retained counsel; (2) Weinstein understands that his sentencing hearing will commence on February 19, 2014, whether or not his counsel (or any new counsel) are ready, *cf. United States v. Olfano*, 503 F.3d 240, 245–46 (3d Cir. 2007); *United States v. Kikumura*, 947 F.2d 72, 79 (3d Cir. 1991); (3) Weinstein will have to proceed *pro se* if he refuses to proceed with counsel at the sentencing hearing or tries to delay his sentencing further, *United States v. Thomas*, 357 F.3d 357, 360–65 (3d Cir. 2004); and (4) Weinstein understands the risks of proceeding *pro se*, *United States v. Jones*, 452 F.3d 223, 234 n.8 (3d Cir. 2006); *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002); *United States v. Salemo*, 61 F.3d 214, 219 (3d Cir. 1995).

Hon. Joel A. Pisano
January 7, 2014
Page 2

4. Have you had sufficient time to consider your decision to proceed with Mr. Creizman as your attorney, and are you comfortable with it?

5. Do you know that the Sixth Amendment gives you the right to be represented by counsel?

6. Do you understand, however, that this right to counsel is not an absolute right to counsel of your choosing?

7. Do you also understand that, under certain circumstances, you can be deemed to have waived your Sixth Amendment right based upon your conduct?

8. Do you understand that this case will proceed to sentencing on February 19, 2014, regardless of whether you later decide you would prefer to have someone other than Mr. Creizman represent you at that proceeding?

9. Do you also understand that if you do later decide that you would prefer to replace Mr. Creizman as your counsel, you will either need to retain new counsel who can be prepared to represent you at sentencing on February 19, 2014, without any further adjournments, or you will have to represent yourself at the sentencing?

10. Do you understand that, based upon your plea agreement, the Court could sentence you to as many as 25 years in prison?

11. Do you understand that sentencing is a critical and often complicated part of the criminal process that contains subtleties which may be beyond the appreciation of someone who is not a lawyer?

12. Do you know that there are many complex rules in court, and that ignorance of these rules can hurt your case, even if you are confident about the facts?

13. Are you familiar with the Federal Rules of Criminal Procedure?

14. Do you understand that these rules govern the way a proceeding takes place in federal court?

15. Do you understand that you must follow these rules, even if you are not familiar with them?

Hon. Joel A. Pisano
January 7, 2014
Page 3

16. Do you understand that these rules will not be relaxed for your benefit?

17. Do you understand that, if you have waived your right to counsel and you do not like the sentence that I impose, you cannot claim your own incompetence in representing yourself as a basis for challenging your sentence later?

18. Do you understand that it may be much easier for an attorney to contact potential witnesses, gather evidence, and question witnesses than it may be for you?

19. I must advise you that in my opinion, a trained lawyer would defend you far better than you could defend yourself.  You are not familiar with the law.  You are not familiar with court procedure.  You are not familiar with the rules that apply at sentencing.  Do you know that the purpose of counsel is to help you put forth your best possible case?

20. I strongly urge you not to engage in any conduct that would require you to represent yourself.  Do you understand the risks of representing yourself?

21. Do you have any questions, or do you want me to clarify or explain further anything that we have discussed here?

Thank you for your consideration.

       Respectfully submitted,

       PAUL J. FISHMAN
       United States Attorney


       S/ Zach Intrater

       By:   Gurbir S. Grewal
              Rachael A. Honig
              Zach Intrater
       Assistant U.S. Attorneys


cc:   Eric Creizman, Esq. (by email)
      Caroline Polisi, Esq. (by email)