## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

July 10, 2014

### LETTER OPINION

Re: *United States of America v. Eliyahu Weinstein*
Crim. No. 11-cr-701 (JAP)

Dear parties:

Before the Court is Defendant Eliyahu Weinstein's Motion for Reconsideration [Docket # 189] of the Court's Order, dated June 10, 2014, which granted the Government's motion to amend the judgment to include additional restitution and denied Defendant's cross-motion to reduce the amount of restitution. For the reasons stated below, Defendant's Motion for Reconsideration is denied.

Local Civil Rule 7.1(i)[1] permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.' " *Carmichael v. Everson,* Civ. No. 03–4787, 2004 WL 1587894, *1 (D.N.J. May 21, 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F.Supp. 1216, 1220 (D.N.J.1993); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).

The party seeking reconsideration bears a heavy burden, and cannot merely "restate arguments which the court has already considered" or assert a disagreement with the Court's decision. *Tormasi v. Hayman,* Civ. No. 08–05886, 2011 WL 890676, at *14 (D.N.J. Mar. 14, 2011). *See also G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990); *Carteret Savings Bank, F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J.1989). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not

---

[1] The criminal rules have incorporated the civil standard governing reconsideration motions. L. Crim. R. 1.1 (incorporating L. Civ. R. 7.1(i)).

provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998). Because the Defendant has not alleged that a change in the law has occurred or that new evidence has become available since the Court's June 10, 2014 disposition, Defendant must show that reconsideration is "necessary to correct a clear error of law or prevent manifest injustice." *Carmichael,* 2004 WL 1587894, at *1.

      Defendant argues that the Government "failed to demonstrate by a preponderance of the evidence the alleged victims' entitlement to restitution" and that the Court's order failed to "identify or address precisely what conduct of Weinstein's constituted the 'offense of conviction.'" According to Defendant, defining the "offense of conviction" is "critical in determining the scope of restitution in any federal criminal case" and "Weinstein's 'offense of conviction' was limited by the government when is redacted the indictment and narrowed the conspiracy to which Weinstein pled guilty." These contentions were addressed and denied in the Court's June 10, 2014 Order, in which the Court found that the Government demonstrated, by a preponderance of the evidence, that the additional victims suffered losses as a result of and within the temporal scope of the conspiracy to which Weinstein pled guilty.

      Defendant is asking the Court to "rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994). Defendant has failed to assert that this Court overlooked any factual or legal issue that was brought to the Court's attention but not considered. Rather, Defendant disagrees with this Court's decision to increase the amount of restitution and now seeks to reargue matters already decided by this Court. Therefore, the Court finds that Defendant has not met his burden of demonstrating that reconsideration is "necessary to correct a clear error of law or prevent manifest injustice." *Carmichael,* 2004 WL 1587894, at *1. Accordingly, Defendant's motion for reconsideration is DENIED.

Date:  July 10, 2014                                              /s/ Joel A. Pisano
                                                                            JOEL A. PISANO
                                                                            United States District Judge